UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21126-CIV-LENARD/TURNOFF

**ERROL W. SHAW,**

    Plaintiff,

vs.

**CARNIVAL CRUISE LINES,**

    Defendant.
_____/

## ORDER AFFIRMING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S ORDER (D.E. 47) COMPELLING ARBITRATION AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court on Plaintiff Errol W. Shaw's ("Plaintiff") Appeal of Magistrate Judge William C. Turnoff's Order On Motion to Dismiss and Compel Arbitration ("Order," D.E. 47). Plaintiff filed the Appeal (D.E. 50) on December 21, 2010, to which Defendant Carnival Corporation d/b/a Carnival Cruise Lines ("Defendant") filed its Response on January 7, 2011. Plaintiff then filed a Reply (D.E. 63) on January 17, 2011. Having reviewed the Order, the Appeal, the Response, Reply and the record, the Court finds as follows:

**I.     Factual and Procedural Background**

This action involves injuries sustained by Plaintiff Errol W. Shaw, a citizen of Jamaica, while he was a crewmember on one of Defendant's vessels.[1]

---

[1] The Magistrate Judge's Order contains a thorough recitation of the factual basis for Plaintiff's claims. (*See* Order at 1-3.)

Plaintiff and Defendant, a Panamanian corporation, entered into a Seafarer's Agreement ("Agreement") on January 12, 2008. It was during Defendant's employ in February 2008 that Plaintiff first suffered an injury to his back while moving heavy objects. A subsequent MRI revealed a herniated disk. Plaintiff continued to work for Defendant and on March 2, 2008, suffered a left shoulder injury while moving another heavy object. As a result, he was given two days off the following week, after which he returned on light duty.

On June 5, 2008, Plaintiff sustained injuries to his back and shoulder while on light duty as a member of the deck crew. He was taken off the ship on June 15 and an MRI done the following day showed a rotator cuff tear. Plaintiff then returned to work for an additional three weeks. In July 2008, Plaintiff was signed off the ship for medical reasons and sent home to Jamaica. There, he received six weeks of physical therapy for his shoulder but no treatment for his back. He was eventually found at "Maximum Medical Improvement" by his treating physicians.

Plaintiff filed his Complaint against Defendant on April 8, 2010. The Complaint alleges claims of (1) Jones Act negligence; (2) unseaworthiness; (3) failure to provide maintenance and cure; and (4) failure to provide prompt and adequate medical care. (*See* Compl., D.E. 1 at 5-12.)

In response, Defendant moved to dismiss the Complaint and compel arbitration, consistent with the arbitration provision of the Agreement and pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3, and the Federal Arbitration

Act ("Act"), 9 U.S.C. § 1 *et seq*. The relevant provisions of the Agreement between Plaintiff and Defendant state, in part:

> **7. <u>Arbitration</u>. . . . any and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration under the American Arbitration Association/International Centre for Dispute Resolution International Rules.** . . . **The place of arbitration shall be London, England, Monaco, Panama City, Panama or Manila, Philippines whichever is closer to Seafarer's home country.**
>
> . . . .
>
> **8. <u>Governing Law</u>.** . . .all disputes arising thereunder or in connection with this Agreement or Seafarer's service on the vessel shall be resolved in accordance wit, the laws of the flag of the vessel on which Seafarer is assigned at the time the cause of action accrues.
>
> . . . .
>
> **9. <u>Severability</u>.** If any provision, term, or condition of this Agreement is invalid or unenforceable for any reason, it shall be deemed severed from this Agreement and the remaining provisions, terms, and conditions of this Agreement shall not be affected thereby and shall remain in full force and effect.

(Agreement, D.E. 4-1, ¶¶ 7-9 (emphasis in original).) The Carnival Triumph, the vessel on which Defendant worked, is flagged in the Bahamas. Defendant therefore argues that Plaintiff's claims, both statutory and non-statutory, are subject to arbitration in Panama under Bahamian law. Plaintiff contends that the choice-of-law provision deprives him of his U.S. statutory cause of action, the Jones Act claim, rendering the Agreement void as against public publicy.

**II.     The Order, Appeal, Response and Reply**

In his Order, Magistrate Judge Turnoff finds that the four jurisdictional

prerequisites as set forth in *Bautista v. Star Cruises*, 396 F.3d 1289, 1302-03 (11th Cir. 2005), are satisfied in this case. (*See* Report at 5-6.) The Order then follows *Thomas v. Carnival Corp.*, 573 F3d 1113 (11th Cir. 2009), analysis in finding that the choice of law and arbitration provisions in the Agreement operate in tandem to bar Plaintiff's Jones Act claim, thereby prospectively voiding the arbitration provision as against public policy. (Order at 7.)

Nonetheless, the Order finds the public policy concerns present in *Thomas* have been obviated in this case. (*Id.*) First, the Report notes that Plaintiff's non-statutory claims are cognizable under foreign law and judicial review of the arbitrator's decision at the award enforcement stage. (*Id.*) Second, the Order credits Defendant's Stipulation (D.E. 44), filed on December 3, 2010, wherein Defendant agrees to apply United States law to Plaintiff's Jones Act claim and requests that this Court retain jurisdiction for review and enforcement of the arbitral award. (*Id*; *see* Stipulation at 1.) Finally, the Order applies the severability provision of the Agreement, excising the choice of law provision only as to Plaintiff's Jones Act claim. (Order at 8.)

Ultimately, the Magistrate Judge orders the parties to arbitration, striking the choice of law provision and directing the arbitrator to apply United States law to Plaintiff's claims, while staying the case pending the outcome of the arbitration. (*Id*. at 9-10.)[2]

---

[2] The Order strikes Paragraph 8: "Governing Law" and orders the arbitrator to apply U.S. statutory law. The Court notes that this creates some confusion as to what law

Plaintiff appeals the Order to this Court, pursuant to Title 28 of the United States Code, Section 636(b)(a)(A) and the Magistrate Judge Rule 4(a)(1) of the Local Rules. Plaintiff argues that Defendant's unilateral Stipulation that United States law shall be applied at arbitration for the Jones Act claim should be struck and ignored. (Appeal at 3-4.) Plaintiff also challenges the Court's authority to sever the Agreement's choice of law provision. (*Id*. at 4-5.) Plaintiff calls such an action a reformation of the contract, an equitable remedy that is not available to the Court in admiralty jurisdiction. (*Id*. at 5.) Plaintiff instead urges this Court to follow its prior analysis and outcome in *Pavon v. Carnival Corp.*, 2010 U.S. Dist. LEXIS 80740 (S.D. Fla. May 6, 2010), holding the arbitration provision to be unenforceable and denying Defendant's bid to arbitrate the dispute. (Appeal at 5-6.) Finally, Plaintiff argues that Defendant participated in discovery in this matter and therefore waived its right to arbitration. (*Id*. at 6.)[3]

Defendant opposes Plaintiff's Appeal. It argues that other courts, including those in this District, have allowed stipulations to apply U.S. law in order to cure deficiencies in the arbitration provision and therefore preserve the entire agreement to arbitrate. (Resp. at 3.) Defendant also notes that Plaintiff's waiver argument is raised for the first time in this Appeal and therefore has been waived; in the alternative, Defendant moved to compel

---

should be applied to the remainder of Plaintiff's claims. In light of the parties' briefs, Defendant's stipulation and the analysis in the Order, the Court concludes that the Magistrate Judge did not intend to strike Paragraph 8: Governing Law as it relates to Plaintiff's non-statutory claims. Accordingly, the Magistrate's Order shall be modified to reflect this outcome. *See* **Section V.3**, *supra*.

[3] Plaintiff's Reply (D.E. 63) sets forth additional argument on the issue of waiver.

arbitration prior to participation in discovery and thus did not waive its right to arbitrate. (*Id*. at 4.)

## II.     Standard of Review

Federal law strongly favors agreements to arbitrate, especially in international commercial transactions.  *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15; *Del Orbe v. Royal Carribean Cruises, LTD.*, 549 F. Supp. 2d 1365, 1368 (S.D. Fla. 2008) (Gold, J.).  In deciding a motion to compel under the Act, the district court conducts a "very limited inquiry."  *Bautista*, 396 F.3d at 1294.  Four jurisdictional prerequisites must be met prior to compelling arbitration:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Id.* at 1294, n.7.

If the four prerequisites are satisfied, the court must compel arbitration unless one the Convention affirmative defenses applies.  *Vacaru v. Royal Carribean Cruises, LTD.*, 2008 WL 649178, at *4 (S.D. Fla. Feb. 1, 2008) (Ungaro, J.).  One such affirmative defense that may preclude arbitration is when "[t]he recognition or enforcement of the award would be contrary to the public policy of that country." *Thomas*, 573 F.3d at 1120 (quoting Article V(2)(b) of the Convention); *see also Bautista*, 396 F.3d at 1302.  Waiver is also recognized as a defense to the enforcement of an arbitration provision.  *See, e.g.,*

*Bautista*, 396 F.3d at 1302.

### III. Discussion

Consistent with the Magistrate's findings**,** the Court finds that the four jurisdictional prerequisites of a valid arbitration provision are satisfied in this case. The Court must order arbitration if these requirements are met and none of the Convention's affirmative defenses applies. *Bautista*, 396 F.3d at 1294-95.

#### A. The Arbitration Provision Is Void Against Public Policy But This Deficiency Has Been Cured By Defendant's Stipulation and By Severing the "Governing Law" Clause

"Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that . . . the recognition or enforcement of the award would be contrary to the public policy of that country." *Thomas*, 573 F.3d at 1120 (citing Article V(2)(b) of the Convention). Plaintiff argues that because the Agreement requires the application of Bahamian law to settle all disputes and calls for arbitration to be held in Panama, the public policy defense applies and voids the arbitration provision pursuant to *Thomas*.

The seaman plaintiff in *Thomas* brought an action against his employer alleging Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, and failure to provide wages under the Wage Act. 573 F.3d at 1114. Finding Panamanian law did not provide a reasonable equivalent to plaintiff's rights under the Wage Act and there was no assurance of an opportunity for review of plaintiff's only claim, theEleventh Circuit held that the arbitration and choice of law provisions acted in tandem to strip the

7

plaintiff of his statutorily-created rights.  *Id.* at 1123.  Thus, the *Thomas* court found the arbitration provision null and void as contrary to public policy with regard to the plaintiff's Wage Act claim and reversed the district court's decision to compel arbitration. *Id.* at 1124.

In a recent decision, *Williams v. NCL (Bahamas) Ltd.*, this Court found that *Thomas* governed the arbitration provision in an action involving Jones Act negligence and common law claims.   2011 U.S. Dist. LEXIS 37952, at *11 (S.D. Fla. Mar. 31, 2011).  This Court held that, because the governing law – Bahamian – did not recognize the plaintiff's Jones Act claim or his maintenance and cure claim and no meaningful review of an arbitration award would be available under Bahamian law, the arbitration provision was void as against public policy.  *Id.* at *15.

However, the instant action is easily distinguishable from *Thomas* and *Williams*. First, Defendant has stipulated to the application of United States law with respect to Plaintiff's Jones Act claim.  That alleviates the concern that Plaintiff is being stripped of his statutory rights.  Judicial review of the arbitration award will be available as Defendant has also requested that this Court retain jurisdiction for review and enforcement of the award.  *See Martinez v. Carnival Corp.*, 2011 U.S. Dist. LEXIS 22904, at *17 (S.D. Fla. Mar. 8, 2011) (this Court dismissed the complaint and compelled arbitration where, *inter alia*, defendant stipulated to the application of U.S. statutory law to plaintiff's Jones Act claim).

Plaintiff's opposition to Defendant's stipulation is purely legal posturing. Under the guise of contract principles and jurisdictional limitations, Plaintiff essentially opposes the application of U.S. statutory law to its Jones Act claim, *but only in the arbitration proceedings*. Plaintiff urges this Court to throw the baby out with the bath water; that is, invalidate a larger portion of the Agreement when only a minor excision would suffice. His arguments fail for two reasons.

First, Defendant's explicit consent to the application of substantive law under which Plaintiff makes his claims has been sufficient for this Court and other courts of the District to cure deficiencies created by choice of law provisions in arbitration clauses. *See Martinez*, 2011 U.S. Dist. LEXIS 22904, at *17 (defendant's unilateral stipulation to apply U.S. statutory law to plaintiff's Jones Act claim; claims were ultimately compelled to arbitration); *Sorica v. Princess Cruise Lines, Ltd.*, 2009 U.S. Dist. LEXIS 127433, at *10 (S.D. Fla. Aug. 4, 2009) (Huck, J.) (defendant's stipulation to application of U.S. statutory law in the parties' Bermuda arbitration cured the deficiencies in the arbitration agreement); *Rivas v. Carnival Corp.*, 2010 U.S. Dist LEXIS 66865, *4 (S.D. Fla. Mar. 30, 2010) (Huck, J.) (same).

Second, as the Eleventh Circuit has noted, courts "[f]aced with arbitration agreements proscribing statutorily available remedies . . . have either severed the illegal provision and ordered arbitration, or held the entire agreement unenforceable." *Perez v. Globe Airport Sec. Services, Inc.,* 253 F.3d 1280, 1286 (11th Cir. 2001) (citations

9

omitted), *vacated on other grounds,* 294 F.3d 1275 (11th Cir. 2002). "Courts finding severance appropriate rely on a severance provision in the arbitration agreement, or the general federal policy in favor of enforcing arbitration agreements." *Id.* (citations omitted). Here, given the strong federal policy favoring arbitration and the presence of a severability clause, the Court is well within its discretion to excise any invalid provision of the underlying contract while preserving the parties' right to arbitrate. *See Meneses v. Carnival Corp.*, 731 F. Supp. 2d 1332, 1336 (S.D. Fla. 2010) (King, J.) (concluding "that severing the choice of law provision in the Seafarer's Agreement [was] the appropriate remedy"); *Cardoso v. Carnival Corp.*, 2010 U.S. Dist. LEXIS 24602, at *18 (S.D. Fla. Mar. 16, 2010) (Gold, J.) (severing choice of law clause and compelling the parties to arbitrate); *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216 (S.D. Fla. 2010) (Altonaga, J.); *Krstic v. Princess Cruise Lines. Ltd.*,706 F. Supp. 2d 1271 (S.D. Fla. 2010) (Gold, J.); *but see Morocho v. Carnival Corp.*, 2011 U.S. Dist. LEXIS 4316, at **5-6 (S.D. Fla. Jan. 14, 2011) (Martinez, J.) (declining to sever choice of law provision and compel arbitration of plaintiff's Jones Act claim, noting that even if the choice of law provision were severed, there was still no guarantee that U.S. law would be applied as Defendant had not so stipulated). Such a remedy is appropriate as the invalid "Governing Law" clause is separate and apart from the arbitration clause. *Compare Perez,* 253 F.3d at 1286 (declining to sever the unlawful provision because "agreement [did] not contain a severability provision"), *Cardoso*, 2010 U.S. Dist. LEXIS 24602, at *18 (distinguishing from cases where choice of law provision was embedded within arbitration clause) *and*

*Paladino v. Avnet Computer Technologies, Inc.,* 134 F.3d 1054, 1058 (11th Cir. 1998) (noting that severance of certain provisions within an integrated arbitration agreement that limited statutory remedies would be "problematic" because the entire agreement to arbitrate was "tainted"). Accordingly, the severance of the unenforceable "Governing Law" provision, expressly permitted by the the severability clause, promotes the policy favoring arbitration without unnecessarily eviscerating the parties' bargained-for Agreement.

**B.     Defendant Has Not Waived Its Right to Arbitrate By Participating in Discovery After Filing Its Motion to Compel.**

An agreement to arbitrate may be waived just like any other. *Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 407 (5th Cir. 1971).

In determining whether a party has waived its right to arbitrate, the Eleventh Circuit applies a two-part test, first deciding if "under the totality of the circumstances, the party has acted inconsistently with the arbitration right," and, second, whether that party "has in some way prejudiced the other party." *Ivax Corp. v. B. Braun of Am.*, 286 F.3d 1309, 1315-16 (internal quotation omitted). **"**However, '[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.'" *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982), *overruled on other grounds by Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985)).

11

Substantial participation in litigation is enough to satisfy the first prong of waiver. *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 Fed. Appx. 921, 924 (11th Cir. 2010); *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995). At the time of Defendant's filing of its Motion to Dismiss and Compel Arbitration, no other litigation activity had occurred, nor had discovery commenced. *Cf. Gemb Lending, Inc. v. RV Sales of Broward, Inc.*, 2010 U.S. Dist. LEXIS 47649, at **8-9 (S.D. Fla. May 14, 2010) (Cohn, J.) (substantial participation in litigation found where defendant waited three months, during which time discovery had commenced and the parties actively litigated the case, before asserting its right to arbitration).

Here, Defendant asserted its right to compel arbitration twenty-two (22) days after Plaintiff filed his Complaint. This was Defendant's *first* filing in this action. Plaintiff fails to show that Defendant served or answered interrogatories, requests for production, notices of deposition or otherwise engaged in discovery prior to filing the Motion. Any participation in discovery after the filing of its Motion is not necessarily inconsistent with the desire to arbitrate and may be explained by Defendant's desire not to draw the ire of this Court by ignoring deadlines set in the Scheduling Order (D.E. 23). Indeed, throughout the pendency of this action, the Court has issued five (5) Orders to Show Cause for the purpose of keeping this litigation on track. Plaintiff has therefore not satisfied his heavy burden of proof to show that Defendant acted inconsistently with its

desire to arbitrate.  *See Stone,* 898 F.2d at 1543.

Having found that Plaintiff has not satisfied the first prong of the test for the waiver defense, the Court need not continue to the prejudice prong.

## IV.    Stay of Proceedings

The Magistrate's Order stays the proceedings pending the outcome of the parties' arbitration.  (*See* Order at 9, citing *Bender v. A.G. Edwards & Sons, Inc*. 971 F.2d 698, 699 (11th Cir. 1992).)  Finding a stay of the action to be appropriate, the Court will not disturb this portion of the Magistrate's Order.

## V.    Conclusion

Consistent with the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Magistrate Judge William C. Turnoff's Order Granting In Part Defendant's Motion to Dismiss and Compel Arbitration (D.E. 47), issued on December 13, 2010, is **AFFIRMED** in part and **MODIFIED** in part.

2. Defendant's Motion to Dismiss and Compel Arbitration (D.E. 4), filed on April 30, 2010, is **GRANTED** in part.

3. The Parties are directed to arbitrate all Plaintiff's claims in this action.  The "Governing Law" provision of the parties' agreement is **STRICKEN** insofar as it applies to Plaintiff's Jones Act claim and the arbitrator shall apply U.S. statutory law to this claim only.

4. Plaintiff's Motion for Sanctions (D.E. 43), filed on November 30, 2010, is

**DENIED**.

5. All pending motions are **DENIED** as moot.

6. This Case is now **STAYED** and **ADMINISTRATIVELY CLOSED**.

7. The Court retains jurisdiction for enforcement of the arbitral award.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of May, 2011.

                                                                                                     **JOAN A. LENARD**
                                      **UNITED STATES DISTRICT JUDGE**